RECEIVED
USDC CLERK, CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2005 JUL 25 A 10: 10

| | |
|---|---|
| Edward Bennett; and <br> Victorina Jackson-Bennett, <br><br> Plaintiffs, <br><br> vs. <br><br> Palmetto Ford; <br> Jeff Belsky; <br> Lex Snider; <br> Bruce Billsbeck; <br> Graham Uebank; <br> Palmetto Car and Truck Group; and <br> Ron Austin, <br><br> Defendants | ) C/A No. 2:05-2044-GRA-RSC <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# *Background of this Case*

The "lead" plaintiff, Edward Bennett, is a federal detainee at the Charleston County Detention Center. The second plaintiff, Victorina Jackson-Bennett, is Edward Bennett's spouse.[1]

Edward Bennett is a federal detainee because of his pending criminal case, <u>United States of America v. Edward B. Bennett</u>, Criminal No.

---

[1] It is not clear from the complaint whether Victorina Jackson-Bennett actually signed the complaint or whether it was signed by lead plaintiff on behalf of his spouse.

1

2:04-1089-1, where he has pled guilty to violating 18 U.S.C. § 1028 (fraud with identification documents ["identity theft"]). He pled guilty on February 22, 2005, before the Honorable Patrick Michael Duffy, United States District Judge. He was returned to custody on May 3, 2005, after his bond was revoked, but has not been sentenced.

The complaint indicates that Edward Bennett went to Palmetto Ford to purchase an automobile. Edward Bennett purchased the automobile, and was also hired by Palmetto Ford as a finance manager. Edward Bennett was "fired" subsequently by Palmetto Ford — prior to his arrest on indentity theft charges.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction

exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. See also F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the allegations

5

in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

All defendants are subject to summary dismissal because none has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the

'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is

responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), cert. denied, Campbell v. Brummett, 504 U.S. 965 (1992).[3] See also Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and cf. Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). Hence, the defendants' actions in selling Edward Bennett an automobile, as well as "hiring and firing" him, do not constitute

---

[3]In this citation, there are variant spellings of the party known as Camble or Campbell.

action under color of state law. As a result, there is no "federal question" jurisdiction over the above-captioned case. 28 U.S.C. § 1331.

This court does not have diversity jurisdiction to consider any state law claims raised by the plaintiffs. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Complete diversity of parties is absent because all parties are South Carolina citizens. *See* 28 U.S.C. 1332; and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

Edward Bennett still has an available judicial remedy for any state law cause of action. He can file suit against the defendants in a Court of Common Pleas (such as the Court of Common Pleas for Charleston County), which would have jurisdiction over a breach of contract action (or other cause

of action arising under South Carolina law) filed against a citizen of South Carolina. See McCarter v. Willis, 299 S.C. 198, 383 S.E.2d 252, 253-254 (S.C.Ct.App. 1989); Player v. Chandler, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); Edens v. Laurel Hill, Inc., 271 S.C. 360, 247 S.E.2d 434, 435-436 (1978); Hughes v. Edwards, 265 S.C. 529, 220 S.E.2d 231, 234 (1975); and Stein v. Xepapas, 204 S.C. 239, 246, 29 S.E.2d 257, 259 (1944). For the plaintiff's future reference, the mailing address of the Clerk of Court for Charleston County (*i.e.*, the Clerk of the Court of Common Pleas for Charleston County) is:

> Julie J. Armstrong, Clerk of Court for Charleston County
> 100 Broad Street — Suite106
> Charleston, South Carolina 29401

With respect to a civil action in a Court of Common Pleas, Edward Bennett's attention is directed to § 15-3-530, South Carolina Code of Laws, which sets forth various statutes of limitations for causes of action.

In the event that Edward Bennett was attempting to raise employment discrimination complaints, he has not exhausted available remedies. The employment discrimination provisions of the Civil Rights Act of 1964 (Title VII) (as amended) are codified at 42 U.S.C. §§ 2000e to 2000e-16. Title VII creates a federal cause of action for employment discrimination. Davis v.

10

North Carolina Dept. of Corrections, 48 F.3d 134, 136-137, 1995 U.S.App. LEXIS® 4122 (4th Cir. 1995). A Title VII claimant must first exhaust administrative remedies before filing a claim in federal district court. See Sloop v. Memorial Mission Hospital, Inc., 198 F.3d 147, 148, 1999 U.S.App. LEXIS® 32487 (4th Cir. 1999), which is cited in Vester v. Henderson, 178 F.Supp.2d 594, 595 & n. 1, 2001 U.S. Dist. LEXIS® 23830 (M.D.N.C. 2001), affirmed, Vester v. Postmaster General, 50 Fed. Appx. 110, 2002 U.S. App. LEXIS® 23051, 2002 WESTLAW® 31476914 (4th Cir., November 6, 2002).

A federal district court can assume jurisdiction over a Title VII claim only after the claimant has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). Davis v. North Carolina Dep't of Correction, supra, 48 F.3d at 136-137. These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." Id. at 137. The plaintiff's claim with the EEOC "defines the scope of [his or her] subsequent right to institute a civil suit." Smith v. First Union National Bank, 202 F.3d 234, 247, 2000 U.S.App. LEXIS® 683 (4th Cir. 2000). Only claims

11

"reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. Id.

When the State in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and has establish[ed] or authorize[d] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under such state or local law before a charge may be filed with the EEOC. Davis, 48 F.3d at 137 (*quoting* § 2000e-5(c)).

In Davis v. North Carolina Department of Correction, supra, the United States Court of Appeals for the Fourth Circuit (in which Circuit this district court sits) summed up the process by which a federal district court obtains Title VII subject matter jurisdiction:

> Title VII . . . establishes a multi-tiered administrative scheme pursuant to which a claimant is required first to file a discrimination claim under state law, where such law exists, and may not proceed to federal district court until state proceedings under state law have commenced and, after the deferral period, the EEOC has made its own determination as to the validity of complainant's claim and issued a right-to-sue letter.

Davis, 48 F.3d at 138.

South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency" with essentially the same powers as the EEOC – the

12

South Carolina Human Affairs Commission (SHAC). Accordingly, a claimant must first file his or her claim with such agency within one hundred eighty (180) days from the last act of discrimination. See Davis, supra (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly obviate the need for the involvement of the federal agency or courts.[4]  See Davis, 48 F.3d at 136.

Thus, Title VII "provides that a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." Davis, 48 F.3d at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claim, "which letter is *essential* to initiation of a private Title VII suit in federal court." Davis, 48 F.3d at 138.

Since there is no indication that Edward Bennett has filed an administrative charge with the EEOC or SHAC, he is not entitled to a right-to-

---

[4] The timely filing of a verified complaint with the EEOC is another precondition to filing suit. In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

13

sue letter. The United States Court of Appeals for the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Davis. 48 F.3d at 140. Hence, where the complaint does not allege that a plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" Id. (*quoting* United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)). This district court, therefore, cannot exercise jurisdiction over any Title VII claims.

Edward Bennett cannot represent his spouse in this civil action because he lacks standing to sue on behalf of her. *See* Laird v. Tatum, 408 U.S. 1 (1972). *See also* Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); and Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant). *See also* Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). *Cf.* Oxendine v. Williams, 509 F.2d 1405, 1407

14

& n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action).

The plaintiff also alludes to his pending criminal case, Criminal No. 2:04-1089-1 (DSC). Insofar as his criminal case is concerned, this civil action is subject to summary dismissal because a right of action has not yet accrued. See Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). See also Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), cert. denied, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115

15

S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is applicable in civil suits involving federal criminal prosecutions. *See* Stephenson v. Reno, 28 F.3d 26, 1994 U.S.App. LEXIS® 21164 (5th Cir.1994); Best v. Kelly, 309 U.S.App.D.C. 51, 39 F.3d 328, 330, 1994 U.S.App. LEXIS® 28423 (D.C.Cir. 1994); Williams v. Hill, 878 F. Supp. 269, 1995 U.S. Dist. LEXIS® 2979 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1996 U.S.App. LEXIS® 1554 (D.C.Cir. 1996); and Zolicoffer v. FBI, 884 F. Supp. 173, 1995 U.S.Dist. LEXIS® 5973 (M.D.Pa. 1995). *See*

16

also Parris v. United States, 45 F.3d 383, 1995 U.S.App. LEXIS® 875 (10th Cir.)(Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act), *cert. denied*, 514 U.S. 1120, 131 L.Ed.2d 871, 115 S. Ct. 1984, 1995 U.S. LEXIS® 3416 (1995); and Williams v. Hill, supra (Heck v. Humphrey applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]. *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened);

and <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts...are...capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiffs' attention is directed to the Notice on the next page.

                                               Respectfully submitted,

Charleston, South Carolina           Robert S. Carr
July 22, 2005                           United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiffs are, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiffs of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
